JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-00285-JHN-VBKx | Date | March 9, 2010 |
|---|---|---|---|
| Title | US Bank National Association v. Gregory Fonvergne et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER REMANDING CASE TO STATE COURT  (In Chambers)

## I.
## Background

On December 2, 2009, Plaintiff U.S. Bank National Association, as trustee for the owner of certain real property, brought a Complaint for unlawful detainer in the Los Angeles Superior Court.  Plaintiff alleges that Defendants Gregory Fonvergne, Elizabeth Fonvergne, and Does 1 to 10 were in violation of California Code of Civil Procedure § 1161a(b)(3).  Defendant Joe D. Rivas, Jr. intervened on December 15, 2009 and removed the case to federal court on January 14, 2010.

## II.
## Discussion

Defendant asserts that removal is proper, since "Plaintiff is wholly relying on federal law in the assertion of its claim."  (Notice of Removal 2.)

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants..."  28 U.S.C. § 1441(a).  "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).  Ordinarily, a defendant may remove a suit to federal court only if the suit could have been brought there originally.  *See* 28 U.S.C. §1441(a).  Federal question jurisdiction exists only in cases where "a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).  Federal jurisdiction is not conferred on the basis of a defense. *Id.* at 12 (holding that an action under state law was not removable even where the defense based on federal law was anticipated in the complaint).  Ultimately, if a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it, for "removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment..." *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998).

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-00285-JHN-VBKx | Date | March 9, 2010 |
|---|---|---|---|
| Title | US Bank National Association v. Gregory Fonvergne et al | | |

In this case, Plaintiff's only cause of action, for unlawful detainer, arises under state law, specifically California Code of Civil Procedure § 1161a(b)(3). Contrary to Defendant's assertion, Plaintiff's claim does not arise under the National Bank Act nor is it a civil rights action. Accordingly, Defendant has failed to meet his burden of establishing the existence of federal jurisdiction.

### III.
### Conclusion

For these reasons, the Court hereby REMANDS this case to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |